UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JUSTIN AIELLO,

                                                                             19-cv-1723 (PKC)

       -against-                                                ORDER

CITY OF NEW YORK, et al.,

                    Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        This action was filed on February 25, 2019.  (Docket # 1.)  Fact discovery closed on May 11, 2020.  (Docket # 37.)

        On March 26, 2020, the attorney for plaintiff Justin Aiello moved to withdraw from the case, citing an "inability to communicate with [his] client" and "multiple" unsuccessful attempts to reach Aiello over the preceding four months, including unsuccessful efforts to reach Aiello by phone, text message, certified mail, and calls made to Aiello's mother.  (Id.)  Plaintiff's counsel stated that his most attempt to reach Aiello through certified mail at his last known address was returned as undeliverable with no available forwarding address.  (Id.)  He requested permission to withdraw "[b]ecause it appears that Plaintiff has abandoned this case . . . ."  (Id.)

        The Court granted the motion to withdraw on May 13, 2020.  (Docket # 40.)  In its Order, the Court advised Aiello in all-capitalized, boldfaced text that he could represent himself or retain new counsel.  (Id.)  It ordered Aiello to respond in writing by June 12, 2020 with a mailing address for all future communications, or, alternatively, to cause a notice of appearance to be entered on his behalf by an attorney admitted to practice in this District.  (Id.)  In a separate paragraph, the Court warned Aiello that if he failed to do so, the action would be

dismissed, adding, "**THE CASE WILL BE OVER AND HE WILL RECOVER NOTHING.**" (Id.)  The Order instructed plaintiff's counsel to serve a copy of the Order on Aiello at his last known address, and counsel filed an affidavit of service on May 19, 2020 confirming service by mail to an address on West 31st Street in Manhattan.  (Docket # 40, 41.)

Since that time, Aiello has not submitted any communication to the Court.  No appearance has been entered on his behalf.

In a letter-motion dated July 13, 2020, counsel to defendants urged that the action be dismissed pursuant to Rule 41(b), Fed. R. Civ. P., for failure to prosecute.  (Docket # 43.)  The letter is copied to Aiello at the West 31st Street address.  (Id.)

Rule 41(b) permits a district court to dismiss an action where "the plaintiff fails to prosecute or to comply with . . . a court order . . . ."  A court should weigh "'(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'"  Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

More than four months have passed since the Court directed Aiello to submit his mailing address or arrange for new counsel.  The Court's Order of May 13 warned Aiello in boldfaced, capitalized language that his failure to do so could result in the dismissal of this case.  The delays caused by Aiello's conduct extend into 2019, because in March 2020, his attorney represented that Aiello had failed to communicate for fourth months.  The ongoing and unexplained delay of this proceeding has prejudiced the defendants, and Aiello's failure to

- 3 -

communicate has impaired the Court's interest in managing its docket.  Finally, the Court concludes that a sanction less drastic than dismissal will not suffice because Aiello was prominently warned that non-compliance could result in dismissal.  A lesser sanction would also be difficult to enforce, given that Aiello has stopped participating in this action.

The Court is mindful that the Covid-19 pandemic has often hindered the ability of attorneys and parties to efficiently litigate their cases.  Aiello's unwillingness to communicate with his attorney pre-dates the pandemic by approximately four months, however, and his non-compliance with the order to provide a mailing address or arrange for an appearance on his behalf cannot be explained by the difficulties posed by the pandemic.

Defendants' motion to dismiss for failure to prosecute is therefore GRANTED.  The Clerk is directed to enter judgment for the defendants and to close the case.  Defense counsel is instructed to serve a copy of this Order on Aiello at his last known mailing address.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 29, 2020